```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
     v.                     )    Criminal No. 17-10170-RWZ
                            )
GREGORY CARTER,             )
     Defendant.             )
```

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States submits this Sentencing Memorandum in the above-captioned case, which is scheduled for sentencing on December 6, 2017. For the reasons outlined in this memorandum, the Government believes that a sentence of 151 months' imprisonment, the lower end of the guideline range, is the appropriate sentence in this matter. Following the completion of this sentence, the Government requests that the defendant be on supervised release for a period of 36 months, be ordered to pay restitution to Santander Bank in the amount of $6,129, and a mandatory special assessment of $100.

**I.   PROCEDURAL HISTORY**

On August 24, 2017, Gregory Carter ("Carter") pled guilty to a one-count indictment charging him with bank robbery in violation of 18 U.S.C. § 2113(a).

**II.  FACTS**

The facts, as stated in the Pre-Sentence Report ("PSR"), are largely uncontested.

On March 25, 2017, at approximately 9:45 a.m., an individual entered a branch of the Santander Bank, located at 552 Commonwealth Avenue, Boston, Massachusetts ("the Santander Bank"). The individual ("the robber") approached a teller and held up a note indicating a robbery. The robber also stated words to the effect that he had a gun and repeatedly gestured to his pocket. During the robbery, the robber pulled down his facemask, exposing his skin and a thin mustache. The teller handed the robber currency from her drawer. The robber then fanned through the money and exited the bank in the direction of Beacon Street.

The teller who interacted with the robber described him as a light-skinned black male with a thin mustache, approximately 5'10" tall, wearing a dark hat, dark pants, a black ski mask, sunglasses, a black "puffy" jacket, and blue latex gloves. Bank surveillance cameras were operating and functioning on the date of the robbery and captured images of the robber. Clearly seen on the video is the robber holding up the demand note at the teller's counter and the words "I have a gun" and "robbery." Images of the robber are consistent with the teller's description.

A post-robbery audit determined that the robber had taken $6,129.00 in US currency during the robbery.

Following the robbery, officers were able to gain access to surveillance cameras located on a building on Beacon Street. On the video, officers were able to observe a black 4-door Ford Fusion sedan ("the Subject Vehicle") operating on Beacon Street and then parking just a few minutes prior to the robbery. Officers observed an individual, wearing a dark jacket and dark pants, exit the Subject Vehicle's driver's door, and enter the Santander Bank. A few minutes later, officers observed the same individual exit the Santander Bank, walk towards the Subject Vehicle, open the Subject Vehicle's trunk, and then enter into the driver's before exiting the area. The officers were unable to ascertain the Subject Vehicle's registration.

### A. The Identification of Carter

On March 28, 2017, a detective from the Brookline Police Department was investigating an unrelated matter when he observed a black Ford Fusion operating on Dudley Street. Being aware of the recent information furnished on the Boston Regional Intelligence Center regarding the robbery of the Santander Bank described above, the detective noted that the vehicle and the operator fit the description of the Subject Vehicle and robber.

It was determined that the vehicle was registered to Carter. This information was conveyed to an FBI VCTF officer who was able to access Carter's recent photograph, biographical information, including that he was a light-skinned black male

with a thin mustache and approximately 5'10" tall, and also information that Carter was on federal probation for armed bank robbery.

On April 8, 2017, while officers were conducting physical surveillance on Carter, they observed him park the Subject Vehicle and enter into a building on 1180 Beacon Street, approximately 0.5 miles from the Santander Bank.

Law enforcement officers learned that the hallway in the building was equipped with interior video surveillance cameras that were functioning and operating on the date of March 25, 2017 (the day of the Santander Bank robbery).  Officers viewed the video from that date and observed an individual matching the robber's description exit the building at approximately 9:26 a.m.  The Santander Bank was robbed 19 minutes later, at approximately 9:45 a.m.

An officer compared the individual in the surveillance video from the Beacon Street building and the video from the Santander Bank and believed that it was the same individual. (The individual in both videos is the same height, weight, has the same skin color, the thin mustache, and is wearing the same coat, shirt, pants, and shoes).

Law enforcement spoke with Carter's supervising probation officer who was shown the Santander Bank's surveillance photographs and stated that he believed the robber was Carter.

**B. The Arrest of Carter**

Based on the above, a criminal complaint and an arrest warrant were issued for Carter on May 24, 2017. On the morning of May 25, 2017, Carter was located, driving the Subject Vehicle in Haverhill. After a brief struggle, Carter placed under arrest. Carter, after being advised of his rights, did not make a statement.

**III. GUIDELINE ANALYSIS**

**A. Offense Level Computation**

**¶ 27 Base Offense Level:**

The Government agrees with Probation's conclusions that Carter's Base Offense Level is 20.

**¶¶ 28 & 29 Specific Offense Characteristics:**

The Government agrees with Probation's conclusions that, because the offense involved the taking of property from a financial institution and a dangerous weapon was brandished, five additional levels are added.

**¶ 33 Adjusted Total Offense Level:**

The Government agrees with Probation's conclusions that the Adjusted Offense Level is 25.

**¶¶ 35 & 36 Acceptance of Responsibility**:

The Government agrees with Probation's conclusions that the Carter is entitled to a three level reduction for acceptance of responsibility.

**¶ 37 Total Offense Level**:

The Government agrees with Probation's conclusions that the Carter's total offense level is 22.

**¶¶ 39 & 40 Chapter Four Enhancements**:

The Government agrees with Probation's conclusions that Carter is a Career Offender and thus subject to a corresponding offense level of 32 because the statutory maximum for 18 U.S.C. § 2113(a) is 20 years.  § 4B1.1(b)(3).

**¶¶ 41 & 42 Acceptance of Responsibility**:

The Government agrees with Probation's conclusions that the Carter is entitled to a three level reduction for acceptance of responsibility.

**¶ 43 Total Career Offender Offense Level**:

The Government agrees with Probation's conclusions that the Carter's total Career Offender offense level is 29.

**B. Career Offender Status**

U.S.S.G § 4B1.1(a) provides that an individual shall be designated a Career Offender if: (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a

controlled substance offense.  Carter satisfies these tripartite requirements.

First, Carter is 60 years-old.  Second, Woodley's instant offense (violation of 18 U.S.C. § 2113(a)) is felony crime of violence. *United States v. Ellison*, 866 F.3d 32, 35 (1st Cir. 2017) (holding that a violation under 18 U.S.C. § 2113(a) "qualifies as a 'crime of violence' under the Career Offender guideline's force clause").  Third, Carter has two prior felony convictions for bank robbery under 18 U.S.C. § 2113(a)(**PSR ¶¶ 69 & 72**) which, as mentioned above, are crimes of violence in the First Circuit.

### ¶ 69 Bank Robbery

On March 25, 1993, Carter pled guilty in the United States District Court in Boston, Massachusetts to four counts of bank robbery and one count of attempted bank robbery.  He was sentenced to 90 months' imprisonment with a 36 month term of supervised release.

### ¶ 72 Bank Robbery

On November 30, 2004, Carter pled guilty in the United States District Court in Boston, Massachusetts to one count of bank robbery.  He was sentenced to 151 months' imprisonment with a 36 month term of supervised release.

**C. The Defendant's Criminal History**

### ¶ 76 Criminal History Computation:

7

As explained above, the Government agrees with Probation's conclusions that the defendant is a Career Offender and thus his criminal history category is VI pursuant to § 4B.1.1.

**¶ 137 Guideline Provisions:**

The Government further agrees with Probation that, based on a total Career Offender offense level of 29 and a criminal history category VI, the guideline imprisonment range is 151 to 188 months.

## IV. <u>SENTENCING RECOMMENDATION</u>

18 U.S.C. § 3553(a) requires a sentencing court to consider specific enumerated factors when determining an appropriate sentence. These factors include: 1) the nature and circumstances of the offense and the history and characteristics of the defendant and 2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide for the needs of the defendant.

For the reasons detailed below, the Government believes that a sentence of 151 months' imprisonment is fair and just and takes into account the factors enumerated in 18 U.S.C. § 3553(a).

**A. Carter uses Weapons to Commit Violent Crimes**

Carter is a dangerous life-long criminal.  As an adult, Carter has been convicted of crimes on at least 20 different occasions, several of which have been violent and involved the use of firearms, to wit:

### ¶ 53 Armed Robbery (Age 17)

On March 7, 1977, Carter pled guilty in Suffolk Superior Court to armed robbery.  The indictment charged that Carter used a revolver to rob an individual.  Carter was sentenced to 15 years at MCI Concord.

### ¶ 54 Armed Robbery (Age 17)

On March 7, 1977, Carter also pled guilty in Suffolk Superior Court to an additional armed robbery.  The indictment charged that Carter used a revolver to assault and rob an individual.  He was sentenced 15 years at MCI Concord, concurrent with the sentence listed above.

### ¶ 58 A&B on Police Officer w/ Dangerous Weapon (Age 21)

On December 5, 1978, Carter pled guilty in Suffolk Superior Court to assault and battery with a dangerous weapon and assault and battery on a police officer.  The complaint alleged that Carter was armed with a .38 caliber handgun and assaulted two police officers.  He was sentenced to 1 year H/C for each count.

### ¶ 64 Armed Robbery (Age 25)

On February 23, 1984, Carter pled guilty in Suffolk Superior Court to armed robbery. The indictment charged that Carter (otherwise known as George Smith) used a handgun to assault and rob an individual. Carter was sentenced to 10-15 years at MCI Cedar Junction.

### ¶ 65 Armed Assault in Dwelling and Armed Robbery (Age 25)

On February 23, 1984, Carter also pled guilty in Suffolk Superior Court to armed assault in a dwelling and an additional instance of armed robbery. The indictment charged that Carter (otherwise known as George Smith), armed with a handgun, entered the home of an individual and assaulted and robbed a victim. Carter was sentenced to 10-15 years at MCI Cedar Junction on both counts.

### B. Carter's Criminal Record is Prolific

Carter is a prolific life-long criminal. Beginning at the age of ten, Carter's criminal career has continued largely uninterrupted into late adulthood. As evidenced by his extraordinary criminal record, it is clear that Carter is completely unwilling to refrain from criminal behavior and abide by social norms.

As set forth in the PSR, Carter's previous adult convictions include:

1. **PSR ¶ 53 11/26/1974 (Age 17)**
   **Armed Robbery  *Already discussed above**
   Glty plea, 15 years MCI Concord
   Paroled 3/20/1978

   VOP returned to custody 8/5/1982

2. **PSR ¶ 54 1/9/1975 (Age 17)**
   **Unlawful Carry Pistol**
   Glty plea, 1 year MCI Concord
   **Armed Robbery  *Already discussed above**
   Glty plea, 15 years MCI Concord
   Paroled 3/20/1978
   VOP returned to custody 8/5/1982

3. **PSR ¶ 55 9/15/1976 (Age 19)**
   **Larceny from a Person**
   Glty plea, 6 months H/C

4. **PSR ¶ 56 4/24/1978 (Age 21)**
   **Larceny from a Person**
   Glty plea, 1 year H/C

5. **PSR ¶ 57 5/4/1978 (Age 21)**
   **Assault w/ Danger Weapon**
   Glty plea, 1 year prob

6. **PSR ¶ 58 9/6/1978 (Age 21)**
   **A&B on Police Officer   *Already discussed above**
   **A&B w/ Dangerous Weapon  *Already discussed above**
   **Unlawful Possess of Firearm**
   Glty plea, 1 year H/C each count

7. **PSR ¶ 59 6/2/1979 (Age 22)**
   **Larceny from a Person**
   Glty plea, 3-5 years MCI Cedar Junction

8. **PSR ¶ 60 10/19/1979 (Age 22)**
   **Unlawful Possession of Marijuana**
   Glty plea, filed

9. **PSR ¶ 61 2/8/1980 (Age 22)**
   **Unarmed Robbery**
   Glty plea, 10-15 years MCI Cedar Junction
   Paroled 10/19/1990
   VOP returned to custody 6/14/1991

10. **PSR ¶ 62 4/28/1980 (Age 23)**
    **Larceny from a Person**
    Glty plea, 10-15 years MCI Cedar Junction
    Paroled 10/19/1990

   VOP returned to custody 6/14/1991

11. **PSR ¶ 63 1/26/1981 (Age 23)**
    **Unarmed Robbery**
    Glty plea, 10-15 years MCI Cedar Junction
    Paroled 10/19/1990
    VOP returned to custody 6/14/1991

12. **PSR ¶ 64 7/21/1982 (Age 25)**
    **Armed Robbery  *Already discussed above**
    Glty plea, 10-15 years MCI Cedar Junction
    **Larceny from a Person (4 counts)**
    Glty plea, 3-5 years MCI Cedar Junction each count
    **A&B on Police Officer**
    Glty plea, filed
    Paroled 10/19/1990
    VOP returned to custody 6/14/1991

13. **PSR ¶ 65 1/4/1983 (Age 25)**
    **Armed Assault in Dwelling    *Already discussed above**
    **Armed Robbery               *Already discussed above**
    Glty plea, 10-15 years MCI Cedar Junction as to both
    Paroled 10/19/1990
    VOP returned to custody 6/14/1991

14. **PSR ¶ 66 6/14/1991 (Age 34)**
    **Larceny from a Person**
    Glty finding, filed

15. **PSR ¶ 67 8/1/1991 (Age 34)**
    **Larceny of Property $250 or Less**
    Glty finding, filed

16. **PSR ¶ 68 8/28/1992 (Age 35)**
    **Possession Cl. D Cont. Sub (Marijuana)**
    Glty finding, filed
    **Operating MV without License**
    Fine $50

17. **PSR ¶ 69 12/22/1992 (Age 35)**
    **Bank Robbery (4 counts)  *Already discussed above**
    **Attempted Bank Robbery   *Already discussed above**
    Glty plea as to each, 90 months cmtd, 36 months TSR
    Released to TSR 12/23/1999
    Violation TSR 1/16/2002, 7 months cmtd
    Released to TSR 7/5/2002
    Violation TSR 4/15/2003

18. **PSR ¶ 70 11/10/2000 (Age 43)**
    **Shoplifting over $100**
    Glty plea, 4 days cmtd

19. **PSR ¶ 71 4/11/2001 (Age 44)**
    **Shoplifting by Concealing**
    Glty plea, prob
    **Resisting Arrest**
    Glty plea, 9 months H/C
    **Disturbing the Peace**
    Glty plea, prob

20. **PSR ¶ 72 4/15/2003 (Age 46)**
    **Bank Robbery   *Already discussed above**
    Glty plea, 151 months
    Released to TSR 7/9/2014
    Violation notice 7/28/2016

As set forth in the PSR, Carter's *pending* charges, in addition to the instant offense, include:

1. **PSR ¶ 78 6/20/2016 (Age 59)**
   **A&B w/ Dangerous Weapon**

2. **PSR ¶ 79 8/5/2016 (Age 59)**
   **Larceny from a Person**
   **Credit Card Misuse (2 counts)**

3. **PSR ¶ 80 8/5/2016 (Age 59)**
   **Larceny from a Person**

C.  **Carter Refuses to Rehabilitate**

Throughout his life, Carter has continuously displayed an absolute disregard for the law and societal norms.  Carter has been sentenced to multiple extended periods of incarceration as well as numerous periods of parole and probation, none of which have curbed his criminal activity in the slightest.

Carter violated his federal probation during his two prior bank robbery convictions.  After pleading guilty to four counts

of bank robbery and one count of attempted bank robbery on March 25, 1993 (¶ **69**) and serving approximately five years in prison, Carter was discharged on a 36 month term of federal supervised release.  The PSR notes that Carter's adjustment to supervision was poor, that he resumed use of controlled substances, incurred several arrests, and had his release terminated on two occasions (¶ **69**).

Additionally, after pleading guilty to one count of bank robbery on November 30, 2004 (¶ **72**) and serving approximately ten years in prison, Carter was again discharged on a 36 month term of federal supervised release.  While still on release, Carter was arrested and charged with assault and battery with a dangerous weapon in June 2016 (¶ **78**), larceny from a person and credit card fraud (two counts) in August 2016 (¶ **79**), and an additional charge of larceny from a person in August 2016 (¶ **80**)[1].  Carter was also charged with the instant offense while still on supervised release.

Overall, Carter's record is replete with violent crimes and shocking instances of habitual re-offending.  Nearly every time Carter has been given the opportunity, he commits more crimes.

---

[1] Carter was charged with the instant offense before these violation matters could be resolved.

While it is clear that Carter suffers from issues of substance abuse, he has been given several opportunities to reform. While on release from his 1992 bank robbery conviction, Carter failed to participate in substance abuse treatment when he habitually missed urinalysis testing. Further, while on release from his 2003 bank robbery conviction, Carter participated in drug treatment and CARE. Although the PSR notes (¶ **72**) that Carter initially remained sober and received positive reviews, he was nevertheless arrested and charged with several offenses, including the instant offense. Carter's record of recurrently committing crimes while on release and receiving aid from drug treatment programs is evidence that he is absolutely incapable of abiding by the law. Carter has a history of violence with weapons, refuses to refrain from serious criminal acts, and shows no inclination towards rehabilitation. As such, he should not be allowed to detrimentally affect society.

## V.     CONCLUSION

For the reasons stated herein, the Government requests this Court impose a sentence of 151 months' imprisonment, the low end of the guideline range. Following the completion of this sentence, the Government requests that Carter be on supervised release for a period of 36 months, be ordered to pay restitution to Santander Bank in the amount of $6,129, and a mandatory special assessment of $100.

This is a just and appropriate sentence as dictated by the circumstances of this case and Carter's life-long criminal history.

                                        Respectfully submitted,

                                        WILLIAM D. WEINREB
                                        Acting United States Attorney

                   By:   ***/s/ Kenneth G. Shine***
                                        KENNETH G. SHINE
                                        Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                        ***/s/ Kenneth G. Shine***
                                        KENNETH G. SHINE
                                        Assistant U.S. Attorney